Present: All the Justices

COMMONWEALTH OF VIRGINIA

v. Record No. 980259    OPINION BY JUSTICE ELIZABETH B. LACY
                                November 6, 1998
KOFI DONKOR, A/K/A RASHAAN WHITE

FROM THE COURT OF APPEALS OF VIRGINIA

Kofi Donkor was convicted by a jury of aggravated malicious wounding in violation of Code § 18.2-51.2. The Court of Appeals reversed his conviction finding that the trial court erred in refusing to grant Donkor's request for a jury instruction on the lesser-included offense of malicious wounding. Donkor v. Commonwealth, 26 Va. App. 325, 494 S.E.2d 497 (1998). Because we conclude that there was no evidence to support Donkor's requested instruction, we will reverse the judgment of the Court of Appeals and reinstate the conviction.

Donkor "fronted" $200 worth of crack cocaine to Domonic Brown. Brown was to sell the crack cocaine and return the money to Donkor. Donkor agreed to pay Brown $50 for selling the cocaine. Brown sold $125 worth of the cocaine and returned the money to Donkor, but told Donkor that he lost the remainder of the cocaine and could not pay the remaining $75. In a confrontation over the remaining $75, Donkor cut Brown's face.

Donkor was charged solely with aggravated malicious wounding in violation of Code § 18.2-51.2. At trial, Dr.

Michael K. Rowlett, the maxillofacial surgeon who treated Brown, testified that the cut on Brown's face was four to six inches long, an inch to an inch and a half wide, almost an inch deep, and required 70 to 80 sutures to close. Donkor claimed that he acted in self-defense because Brown waved a gun in Donkor's face and demanded his money and jewelry. Donkor was convicted of the charged offense and sentenced to fifty years' imprisonment. Following the Court of Appeals' reversal, we awarded the Commonwealth an appeal.

The sole issue before us is whether the Court of Appeals was correct in concluding that the defendant was entitled to a jury instruction on the lesser-included offense of malicious wounding. Resolving that issue requires application of the well-established legal principles that jury instructions are proper only if supported by the evidence, and that more than a scintilla of evidence is necessary to support a lesser-included offense instruction requested by the defendant. Buchanan v. Commonwealth, 238 Va. 389, 409-10, 384 S.E.2d 757, 769 (1989); Hatcher v. Commonwealth, 218 Va. 811, 813-14, 241 S.E.2d 756, 758 (1978).

In this case, the relevant evidence is that which distinguishes aggravated malicious wounding from the lesser-included offense of malicious wounding. The crime of malicious wounding lacks the severity and permanence elements

2

required for the offense of aggravated malicious wounding. Code §§ 18.2-51, -51.2. Thus, to grant the defendant's requested instruction on the lesser offense, the record must contain more than a scintilla of evidence that the injury was not severe or did not result in significant and permanent impairment. The record contains no such evidence.

The uncontradicted testimony of Dr. Rowlett supported the proposition that the injury Donkor inflicted on Brown was severe. In addition to describing the size and location of the cut, Dr. Rowlett testified that the cut involved most of the muscles of the face as well as Brown's salivary gland. According to Dr. Rowlett, Brown could have bled to death quickly if the cut had been on his throat. Dr. Rowlett also testified that the scar on Brown's face was permanent. Additionally, Brown testified that he still had the scar and the jury itself was able to view the scar. There is no evidence disputing the Commonwealth's evidence that the injury was severe and that it resulted in permanent impairment.

The Court of Appeals, however, concluded that Donkor was entitled to the lesser-included offense instruction because the evidence of the severity and permanence of the impairment "was susceptible to interpretation." Donkor, 26 Va. App. at 331, 494 S.E.2d at 500. In reaching this conclusion, the Court of Appeals did not rely on any evidence in the record

3

that contradicted the Commonwealth's evidence. Rather, the Court of Appeals relied on its prior case of Bellfield v. Commonwealth, 11 Va. App. 310, 398 S.E.2d 90 (1990), in which it suggested that the jury's ability to weigh and reject the Commonwealth's evidence satisfied the requirement that a defendant's request for a lesser-included offense instruction be supported by more than a scintilla of evidence. We have already rejected such a suggestion.

In LeVasseur v. Commonwealth, 225 Va. 564, 304 S.E.2d 644 (1983), the defendant was charged with capital murder for a deliberate, premeditated killing in the course of a robbery. The defendant admitted that he committed the murder with a deadly weapon. He argued, however, that he was entitled to a jury instruction on second degree murder as a lesser-included offense because the jury could reject the Commonwealth's evidence that the killing was premeditated and that the killing occurred in the course of the robbery, thus leaving only actions amounting to second degree murder. Id. at 590, 304 S.E.2d at 658. The Court in LeVasseur declined to adopt the suggestion that the jury's ability to reject evidence qualifies as evidentiary support for a defendant's lesser-included offense instruction. The Court reiterated the requirement that such an instruction must be supported by more than a scintilla of evidence. Id. After reviewing the record

4

in that case, the Court concluded that while the jury could have found that the murder was not premeditated because evidence of voluntary intoxication was introduced at trial, the defendant was not entitled to the lesser-included offense instruction because there was no evidence to support a finding that the robbery was not contemporaneous with the murder. Id. at 591-92, 304 S.E.2d at 658-59.

In this case, as we have noted, the evidence of the nature of Brown's injury is undisputed. There is not a scintilla of evidence in this record to support a finding that the injury was not severe or did not result in a significant permanent impairment. The Court of Appeals erred in treating the jury's ability to reject evidence as a substitute for the evidentiary support required to grant a defendant's request for an instruction on a lesser-included offense.

Accordingly, we will reverse the judgment of the Court of Appeals and enter final judgment reinstating the conviction.

Reversed and final judgment.