JUSTICE KOONTZ,
dissenting.
I respectfully dissent. The facts in this case as recited by the majority fully support the majority’s conclusion that Victoria Shelton Sands “reasonably believed that she was in danger of serious bodily harm or death” as a result of “the atrocities inflicted upon her” by her husband on the day Sands shot and killed her husband. Nevertheless, the majority finds “no evidence of an overt act indicative of the deceased’s imminent intention to kill or seriously harm his wife at the time of the shooting such as to make a self-defense instruction appropriate.” In my view, the majority decides as a matter of law an issue that was properly within the sole province of the jury.
I have no quarrel with the majority’s recitation of the law applicable to this case. Clearly, “[wjhether the defendant [acted] in self-defense depends on whether [she] reasonably believed that it was necessary to [act] as [she] did in order to save [her] own life or avoid serious bodily harm.” Boone v. Commonwealth, 195 Va. 708, 712, 80 S.E.2d 412, 414 (1954). The majority is also correct that the evidence must show some overt act by the deceased indicative of imminent danger. Vlastaris v. Commonwealth, 164 Va. 647, 652, 178 S.E.2d 775, 111 (1935). “These are ordinarily questions for the jury.” Boone v. Commonwealth, 195 Va. at 712, 80 S.E.2d at 414. And, a self-defense instruction is proper if supported by more than a scintilla of evidence. See Commonwealth v. Donkor, 256 Va. 443, 445, 507 S.E.2d 75, 76 (1998).
The majority concludes that the temporary cessation in the victim’s brutalization of Sands removed her from “imminent danger” *732 and, thus, she was not entitled to have the jury instructed on self-defense and to have the jury consider the reasonableness of her perception that her life was in imminent danger when she shot the victim. The majority reaches this conclusion by reasoning that imminent danger means “a[n] immediate, real threat to one’s safety.” In other words, the majority, in effect, concludes that because there was no objective simultaneous threat to Sands’ life, her acknowledged subjective belief that she was in imminent danger when she shot her husband could not have been reasonable.
In my view, the pattern of brutalizing acts committed upon Sands over the preceding twenty-four hours, coupled with the repeated threats to kill her, constituted the necessary “overt act” on the part of the victim such as to make a self-defense instruction appropriate. Although the victim was reclining in bed at the moment of the killing, a jury could have concluded that Sands’ belief that she nevertheless remained in imminent danger of death or serious bodily harm was reasonable under the circumstances. As noted by the majority, the victim “would intermittently watch television in the bedroom for short periods of time, but always returned to the assault upon his wife.” There is no evidence that this pattern would not continue so as exclude a reasonable conclusion that at any moment the victim would resume beating Sands and placing her life in danger. Thus, there was clearly more than a scintilla of evidence to support a self-defense instruction.
Accordingly, I would hold that the trial court erred in not instructing the jury on the elements of self-defense, and for that reason, I would affirm the judgment of the Court of Appeals reversing Sands’ conviction and remanding the case for a new trial.