COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Agee
Argued at Chesapeake, Virginia


JORGE MANUEL LEAL
                                           OPINION BY
v.     Record No. 1806-00-1        JUDGE G. STEVEN AGEE
                                         FEBRUARY 19, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Verbena M. Askew, Judge

           Michael Morchower (Anthony G. Spencer;
           Morchower, Luxton & Whaley, on briefs), for
           appellant.

           Margaret W. Reed, Assistant Attorney General
           (Randolph A. Beales, Attorney General;
           Richard B. Smith, Senior Assistant Attorney
           General, on brief), for appellee.


     Jorge Manuel Leal (Leal) was convicted by a Newport News

Circuit Court jury of malicious wounding by a mob of John Binns

(Binns), in violation of Code § 18.2-41.[1]  On appeal, Leal argues

that the trial court erred by denying his proffered jury

instruction on the offense of assault and battery by a mob in

regards to his alleged involvement in the altercation with

Binns.  Finding the evidence sufficient to support the granting

---

[1] Leal was also convicted by the same jury of assault and battery by mob of Teresa Evans, in violation of Code § 18.2-42, arising out of the same series of events.  This conviction is not the subject of this appeal.

of the proffered instruction, we reverse the decision of the trial court and remand this matter for a new trial.

## I.    BACKGROUND

Leal testified at trial in his own defense.  According to his testimony, Leal drove his employees,[2] Darrell Ayers, Jerry Cox and Rob Conner, to an Econo Lodge where they were renting rooms.

While Ayers went to his room to retrieve a jacket, Leal waited with the others in his van.  He noticed a nearby car in the motel parking lot with its hood up and a woman leaning under the hood.  Leal exited the van and walked over to ask the woman, Teresa Evans (Evans), if her car needed a jump-start.

According to Leal, he returned to his van after Evans told him that she did not need assistance.  As he returned to the van, Ayers came out of his room and he and Evans began yelling at each other.  Hearing the exchange, Binns, Evans' boyfriend, came out to the parking lot from his room and "everything started going crazy."  The evidence was in conflict as to what then occurred.[3]

---

[2] The men worked for Leal in his construction business.

[3] At trial, Evans testified that while she was leaning under the hood of her car she heard Ayers yell, "Party time."  She looked up and saw several men exit a van.  Evans attempted to retreat to her hotel room, but the four men blocked her path and a fifth pulled a two-by-four from the back of the van and informed her, "You ain't goin' nowhere, Bitch."  Laughing, the men began to circle her while pushing her between them.  The men

Leal testified that Binns ran toward him, shoved him and charged at his waist. Leal said he then grabbed Binns by the hair and the intertwined pair "started doing circles." According to Leal, he never punched Binns and after the pair had "done about six to eight circles," Ayers then appeared and hit Binns. Ayers' punch knocked Binns out. Leal released Binns, who then fell to the ground.

Leal testified that he then leaned against his van to catch his breath. He saw Evans and Binns lying on the ground with Ayers, now joined by Conner, striking Binns between his head and chest. Leal further testified that he then intervened and stopped the others from further striking Binns. Leal claimed he did not know how Evans ended up on the ground. Leal, Ayers, Conner and Cox then left the premises. The four men were all indicted on two charges of malicious wounding by a mob.

Binns suffered a broken nose, a shattered cheekbone and swelling and bruising across most of his upper body; he bled

---

proceeded to strike her with the board causing her to fall to the ground. While she lay on the ground, Leal held her down by her hair and she was subjected to Ayers' kicks. She yelled for Binns and lost consciousness.

Binns testified that he heard Evans cry for help and he ran to the parking lot where he saw four men, including the defendant, attacking Evans. When he ran to help Evans, he was hit with a wooden object. One of the men then hit Binns in the knees, and he fell to the ground. The men, including Leal, then began kicking him.

Neither a wooden board nor any wooden object was mentioned in the police report or in the handwritten statements submitted several days after the altercation by Evans and Binns.

from his ears, nose and mouth for several days.  He did not seek

immediate medical attention because his injuries, though severe,

were apparently not life-threatening, and he wanted to avoid

medical bills.  Evans' injuries were less severe, and she too

did not seek medical attention.

At the close of the evidence, Leal requested jury

instructions on assault by a mob in both cases, arguing (1)

assault by a mob is a lesser-included offense of malicious

wounding by a mob and (2) the evidence supported the

instruction.[4]

---

[4] Leal argued:

> Judge, our position is that we are entitled
> to a lesser included on both of these
> charges . . . in that, this is truly . . . a
> jury issue for the jury to determine.
> [N]umber one, if Mr. Leal was part of a mob,
> but if he is part of a mob, is the injury
> sufficient to meet the definition?  Is it
> malicious?  And have all of the elements of
> the felony statute been satisfied?  Which
> would be, one that he is a member of a mob;
> two, that a member or members caused bodily
> injury; and three, that the bodily injury
> was with intent to maim, disfigure, disable
> or kill.  And I think the jury would find
> that there is no such intent, which takes it
> out of the realm of being a felony and would
> reduce it to a misdemeanor.  They might find
> that there was a mob, and they might find
> there was bodily injury.  But they might
> find that the evidence does not establish
> the requisite intent, and that is a[n]
> option that the jury has.
>
> *     *     *     *     *     *     *

- 4 -

The trial court granted the instruction on assault and battery by a mob in regards to the attack on Evans, but refused such an instruction regarding the attack on Binns, stating: "[I]t's either he didn't do anything to cause injury or he did." The jury found Leal guilty of assault by a mob against Evans and malicious wounding by a mob against Binns.

## II.  ANALYSIS

Leal alleges on appeal that the trial judge erred in refusing the jury instruction on assault by a mob on the charge relating to the altercation with Binns.  He contends the offense of assault and battery by a mob is a lesser-included offense of malicious wounding by a mob and the evidence supported the requested instruction.  As such, he argues the trial court should have instructed the jury on the lesser offense and the trial court's failure to do so constitutes reversible error.  We agree.

### A.  A LESSER-INCLUDED OFFENSE

When reviewing a trial court's refusal of a proposed jury instruction on a lesser-included offense, we must first decide

---

I think the jury can [make the finding that the intent was not there].  [T]he jury may find that this happened spontaneously, and that there was no intent to cause the kind of damage that was caused.  The jury may find that it was somewhat self-defense, and that it went too far, that there was never the requisite intent to cause the kind of damage that was caused.

- 5 -

whether the proffered instruction presents a lesser-included offense.  See Sanchez v. Commonwealth, 32 Va. App. 238, 241, 527 S.E.2d 461, 463 (2000).  Whether the offense of assault and battery by a mob, Code § 18.2-42, is a lesser-included offense of malicious wounding by a mob, Code § 18.2-41, is a question of first impression in the Commonwealth.  We hold that it is a lesser-included offense.

"The elements of the greater offense as charged must be examined in relation to the purported lesser offense, and where every commission of the greater offense is also a commission of the lesser offense, a lesser offense may be deemed to exist." Id. (citation omitted).  "A lesser-included offense is an offense which is composed entirely of elements that are also elements of the greater offense."  Kauffman v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989).

For a defendant to be guilty of malicious wounding by a mob under Code § 18.2-41, the Commonwealth must prove that (1) a mob was formed in which the defendant was a part, (2) the mob caused bodily injury, and (3) the mob acted with the malicious "intent to maim, disable, disfigure or kill" another.  For a conviction under Code § 18.2-42, assault and battery by a mob, the Commonwealth must prove that (1) a mob was formed in which the defendant was a part and (2) the mob committed "simple assault

- 6 -

or battery."  An assault is any attempt, with force or violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution.  See Johnson v. Commonwealth, 13 Va. App. 515, 517, 412 S.E.2d 731, 732 (1992).  "Battery is the actual infliction of corporal hurt on another . . . willfully or in anger . . . ." Jones v. Commonwealth, 184 Va. 679, 682, 36 S.E.2d 571, 572 (1946).

The requisite intent under Code § 18.2-41 to maliciously maim, disable, disfigure or kill is the only difference between the two offenses.  One cannot be found to have a malicious intent "to maim, disable, disfigure or kill" without also having an intent to do bodily harm.  Therefore, assault and battery by a mob is a lesser-included offense of malicious wounding by a mob as all of the elements of the former are also elements of the latter, which is the greater offense.[5]

B.  ENTITLEMENT TO THE REQUESTED JURY INSTRUCTION

Having determined that assault and battery by mob is a lesser-included offense of malicious wounding by mob under Code § 18.2-41, we must now determine whether Leal was entitled to an instruction on the lesser offense.

---

[5] We have long held, as to individual offenders, that assault and battery is a lesser-included offense of malicious wounding.  See Brown v. Commonwealth, 222 Va. 111, 116, 279 S.E.2d 142, 145 (1981).

- 7 -

"'A defendant is entitled to have the jury instructed[, on request,] only on those theories of the case that are supported by the evidence.'" Connell v. Commonwealth, 34 Va. App. 429, 436, 542 S.E.2d 49, 52 (2001) (citation omitted); see also Delacruz v. Commonwealth, 11 Va. App. 335, 338, 398 S.E.2d 103, 105 (1990); Stewart v. Commonwealth, 10 Va. App. 563, 570, 394 S.E.2d 509, 513-14 (1990). "[Our] responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted).

On appeal, although the Commonwealth prevailed at trial, when we consider the refusal of the trial court to give a proffered instruction, "'the appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable to the defendant.'" Seegers v. Commonwealth, 18 Va. App. 641, 643, 445 S.E.2d 720, 722 (1994) (citations omitted).

Jury instructions are only proper if supported by the evidence. More than a scintilla of evidence is necessary to support a lesser-included offense instruction requested by the defendant. Commonwealth v. Donkor, 256 Va. 443, 445, 507 S.E.2d 75, 76 (1998); Brandau v. Commonwealth, 16 Va. App. 408, 411,

- 8 -

430 S.E.2d 563, 564 (1993). To justify the grant of Leal's requested instruction on the lesser offense, the record must contain more than a scintilla of evidence that the injury to Binns was caused by an intent to do bodily harm rather than by a malicious intent to "maim, disable, disfigure or kill" Binns.

We agree with Leal that there was more than a scintilla of evidence on the issue of lack of malicious intent. Therefore, Leal was entitled to the lesser-included offense instruction on the offense of assault by a mob. "If any credible evidence in the record supports a proffered instruction on a lesser-included offense, failure to give the instruction is reversible error." Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992) (citation omitted).

It was Leal's testimony that Binns, whom neither he nor his acquaintances knew beforehand, was injured after Binns aggressively approached him, shoved him and again charged him, grabbing him by the waist. Leal further testified that he grabbed Binns' hair in self-defense and the pair, intertwined, went around in circles. As Leal tried to repel Binns, one of his acquaintances witnessed the struggle and proceeded to hit Binns, knocking Binns to the ground. When the acquaintance and another proceeded to strike Binns while he was on the ground, Leal said he intervened and stopped further aggression.

- 9 -

From Leal's testimony, the jury could have found, if they believed his version of events, that Leal and his acquaintances acted only with the intent to do Binns bodily harm in order to deter his attack on Leal, and not with the specific, malicious intent "to maim, disable, disfigure or kill" him.  Leal testified that the acts taken against Binns were not planned by him or his acquaintances, but were done only after provocation, out of a spontaneous intent to protect Leal.  Leal's testimony leaves the group's intent open to question, the answer to which was the province of the jury.  With more than a scintilla of evidence to support a finding only of intent to do bodily harm, Leal was entitled to the instruction on the lesser offense.

Citing Bennett v. Commonwealth, 236 Va. 448, 374 S.E.2d 303 (1988), the Commonwealth argues, however, that Leal was not entitled to an instruction on the lesser-included offense of assault by a mob because his theory of defense to the charge of malicious wounding by a mob at trial was self-defense.  The Commonwealth misreads Bennett and a prior Supreme Court decision relied upon by the Bennett Court, Frye v. Commonwealth, 231 Va. 370, 345 S.E.2d 267 (1986).  Neither case stands for the proposition that a defendant is only entitled to instructions on his theory of defense.  Rather, both cases hold entitlement to a requested instruction turns on whether there is evidence to

- 10 -

support the instruction.  We previously addressed this same argument by the Commonwealth in a similar setting in <u>Donkor v. Commonwealth</u>, 26 Va. App. 325, 494 S.E.2d 497, <u>vacated on other grounds</u>, 256 Va. 443, 507 S.E.2d 75 (1998).

> Citing <u>Bennett v. Commonwealth</u>, 236 Va. 448, 470, 374 S.E.2d 303, 317 (1988); <u>Frye v. Commonwealth</u>, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986) . . ., the Commonwealth argues that appellant was not entitled to an instruction on the lesser-included offense of malicious wounding because his theory of defense at trial was self-defense.  These cases do not hold that a defendant is entitled only to instructions on his theory of defense; rather, they hold that a defendant is entitled to instructions only when the evidence supports them.  <u>Bennett</u>, 236 Va. at 470, 374 S.E.2d at 317 (citing <u>Frye</u>, 231 Va. at 389, 345 S.E.2d at 281); <u>Frye</u>, 231 Va. at 388-89, 345 S.E.2d at 280 (citing <u>Tuggle v. Commonwealth</u>, 228 Va. 493, 508, 323 S.E.2d 539, 548 (1984), <u>vacated on other grounds</u>, 471 U.S. 1096, 105 S. Ct. 2315, 85 L.E.2d 835, <u>aff'd on remand</u>, 230 Va. 99, 334 S.E.2d at 838 (1985)) . . . .

<u>Id.</u> at 331-32, 494 S.E.2d at 500.[6]

We find the Supreme Court's recent decision in <u>Commonwealth v. Vaughn</u>, ___ Va. ____, ___ S.E.2d ___ (2002), distinguishable from the case at bar.  The defendant in <u>Vaughn</u> was convicted of the unlawful wounding of the victim who was shot in the back and ankle.  On appeal, the defendant claimed the trial court erred in refusing his proffered jury instruction on the

---

[6] We note the significant contrast to the defendant's claims in <u>Bennett</u> and <u>Frye</u>, where each defendant denied his presence or participation in the acts underlying the crimes charged.

lesser-included offense of assault and battery.  The defendant contended he was entitled to the instruction because he testified that he fired at the victim in an attempt to frighten him away, aiming at the ground in front of the victim.

The Supreme Court affirmed the trial court's refusal to give the lesser offense instruction, because there was not "more than a scintilla" of affirmative evidence to support the requested instruction unless the jury ignored uncontroverted facts to the contrary.  The jury's ability to reject uncontroverted evidence may support an acquittal, but it does not supply affirmative evidence to support a jury instruction on the lesser-included offense.  The Supreme Court reasoned that when there is uncontroverted evidence the jury must reject in order to convict the defendant of the lesser offense, a scintilla of affirmative evidence does not exist and a jury instruction on a lesser-included offense is not warranted.  Id. at ___, ___ S.E.2d at ____.

In Vaughn, the jury would have had to ignore the uncontroverted evidence of the victim's back wound in order to find the defendant only committed assault and battery.  Accordingly, there could not be "more than a scintilla" of affirmative evidence to support the lesser-included offense

instruction where its foundation required the jury to reject uncontroverted facts. Id.

In the case at bar, however, the Commonwealth did not present any uncontroverted evidence that would have to be rejected in order to find the defendant guilty of the lesser offense of assault and battery by a mob. Leal did not contest that a confrontation between himself and Binns occurred, that a group was involved, and that blows were struck against Binns resulting in injury. Only the intent behind these actions was in question. Moreover, the instant case does not involve a firearm, which was present in Vaughn. There is no uncontroverted fact for the jury to ignore, as in Vaughn, in order to convict on the lesser-included offense.

Leal's evidence was not incredible as a matter of law; therefore, the assessment of the credibility of Leal's evidence was for the jury. The jury's decision must be accomplished in the context of instructions concerning the law applicable to any reasonable construction of the facts advanced by the parties in the case. However, here, the jury was unable to perform this task because the trial court refused the requested instruction. That refusal was error.

Our decision in Boone, 14 Va. App. 130, 415 S.E.2d 250, is applicable to the matter at bar. In Boone, the trial court

erred when it gave a malicious wounding instruction but refused

a requested assault and battery instruction.  We held:

> The jury was instructed that the
> Commonwealth had the burden of proving
> beyond a reasonable doubt that defendant
> wounded [the victim] with the "intent to
> maim, disfigure, disable or kill" him.  They
> were not instructed, however, that defendant
> could be convicted of a lesser offense in
> the absence of this intent.  The jury was
> thus "given the impermissible choice of
> drawing the conclusion" either that
> defendant intended to maim, disfigure,
> disable, or kill [the victim], with or
> without malice, and was thus guilty of
> either malicious or unlawful wounding, or
> that he did not possess this intent "and was
> not guilty of any offense."  [Accordingly,]
> [t]he jury was denied the opportunity to
> assess the evidence as it related to assault
> and battery, an offense that may be
> accompanied by malice, but does not require
> the intent to maim, disfigure or kill.

Id. at 133-34, 415 S.E.2d at 252 (internal citation omitted).

If the jury believed Leal's testimony, it could have

concluded that the mob lacked the specific intent to "maim,

disable, disfigure or kill" Binns and acted only with the intent

to do bodily harm, whether with or without malice.  Thus,

"[c]redible evidence was before the jury that, if believed,

supported an instruction on assault and battery."  Id. at 134,

415 S.E.2d at 252.  It was error not to grant the proffered

instruction.

This error was not harmless.  "[W]here it is impossible to determine from the verdict whether the jury would have necessarily rejected a lesser-included offense on which it was not instructed, error in refusing to instruct on that offense is not harmless."  Turner v. Commonwealth, 23 Va. App. 270, 276, 476 S.E.2d 504, 507 (1996), aff'd, 255 Va. 1, 492 S.E.2d 447 (1998).

Accordingly, we reverse the judgment of the trial court and remand this case for a new trial if the Commonwealth be so advised.

Reversed and remanded.