PRESENT: Carrico, C.J., Hassell, Keenan, Koontz, Kinser, and Lemons, JJ., and Compton, S.J.

COMMONWEALTH OF VIRGINIA

OPINION BY
SENIOR JUSTICE A. CHRISTIAN COMPTON

v.  Record No. 021014

January 10, 2003

JORGE MANUEL LEAL

FROM THE COURT OF APPEALS OF VIRGINIA

Defendant Jorge Manuel Leal was indicted in the Circuit Court of the City of Newport News for maiming by mob and causing bodily injury to one John Binns in violation of Code § 18.2-41. The statute provides that any person "composing a mob which shall maliciously or unlawfully . . . cut or wound any person, or by any means cause him bodily injury with intent to maim, disable, disfigure or kill him, shall be guilty of a Class 3 felony."

During a trial by jury, the circuit court refused an instruction tendered by the defendant which would have permitted the jury to find him guilty of assault or battery by mob in violation of Code § 18.2-42. That statute provides that any person "composing a mob which shall commit a simple assault or battery shall be guilty of a Class 1 misdemeanor."

The jury found the defendant guilty as charged. Subsequently, confirming the verdict, the circuit court sentenced defendant to five years imprisonment.

Upon review, the Court of Appeals of Virginia reversed the conviction and remanded the case for a new trial.  Leal v. Commonwealth, 37 Va. App. 525, 559 S.E.2d 874 (2002).  The Court of Appeals ruled that the circuit court erred in refusing the foregoing instruction.  We awarded the Commonwealth this appeal.

The sole question is whether the Court of Appeals erred in ruling the circuit court incorrectly refused the instruction on assault or battery by mob, a crime the Commonwealth agrees is a lesser-included offense of maiming by mob.

The Commonwealth's evidence established that during the afternoon of March 31, 1999, Binns and a friend, Teresa Evans, were in the process of moving into a motel room in the city of Newport News.  In the motel parking lot, Evans was surrounded by four men, one of whom was the defendant.  One of the men yelled "party time" as the group "circled" her, started "shoving" her "back and forth," and turned her "around in circles."

Binns, who was inside the motel room, heard Evans scream. He "ran outside" and saw Evans being "harassed" by the group, "pushing" her "back and forth all around" for no apparent reason.  He then "ran . . . into the middle of" the melee, "trying to get her out of it."

In the ensuing fight, Binns was struck in the head by a piece of wood, a "two-by-four," and was held by his hair by one of the assailants while defendant kicked him in the face.  A

2

witness observed members of the gang kicking Binns "in the ribs, the head, the side of the arms, the feet, the legs, stomping on him as he was already on the ground and unconscious."

As a result, Binns sustained "a broken nose and shattered cheekbone and swelling and bruising" to the upper body.  He bled from his mouth and an ear for a "couple of days," and from his nose for ten days.

Because the issue on appeal deals with the circuit court's refusal of the lesser-included offense instruction on assault or battery by mob, and even though the Commonwealth prevailed at trial, we must view the evidence on this issue in the light most favorable to the defendant, the proponent of the instruction. Commonwealth v. Vaughn, 263 Va. 31, 33, 557 S.E.2d 220, 221 (2002); Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001).

The Court of Appeals aptly summarized defendant's testimony, noting that defendant stated "that Binns, whom neither [defendant] nor his acquaintances knew beforehand, was injured after Binns aggressively approached [defendant], shoved him and again charged him, grabbing him by the waist."  Leal, 37 Va. App. at 533, 559 S.E.2d at 878.  The Court of Appeals further noted that defendant testified "he grabbed Binns' hair in self-defense and the pair, intertwined, went around in circles.  As [defendant] tried to repel Binns, one of

3

[defendant's] acquaintances witnessed the struggle and proceeded to hit Binns, knocking Binns to the ground.  When the acquaintance and another proceeded to strike Binns while he was on the ground, [defendant] said he intervened and stopped further aggression."  Id.

The law applicable here is settled.  Jury instructions are proper only when supported by the evidence, and "more than a scintilla of evidence is necessary to support a lesser-included offense instruction requested by the defendant."  Commonwealth v. Donkor, 256 Va. 443, 445, 507 S.E.2d 75, 76 (1998).

When the evidence in a prosecution warrants a conviction of the crime charged, and there is no independent evidence warranting a conviction for a lesser-included offense, an instruction on the lesser offense should not be given.  Guss v. Commonwealth, 217 Va. 13, 14, 225 S.E.2d 196, 197 (1976).  In other words, "we have rejected the concept that a jury instruction on the lesser-included offense must always be given."  Vaughn, 263 Va. at 35, 557 S.E.2d at 222.

The Court of Appeals stated it agreed with defendant "that there was more than a scintilla of evidence on the issue of lack of malicious intent."  37 Va. App. at 533, 559 S.E.2d at 878. The court reasoned that, from defendant's testimony, "the jury could have found, if they believed his version of the events, that [defendant] and his acquaintances acted only with the

4

intent to do Binns bodily harm in order to deter his attack on [defendant], and not with the specific, malicious intent 'to maim, disable, disfigure or kill' him." Id. at 534, 559 S.E.2d at 879.

Continuing, the Court of Appeals said defendant testified "that the acts taken against Binns were not planned by him or his acquaintances, but were done only after provocation, out of a spontaneous intent to protect [defendant]. [Defendant's] testimony leaves the group's intent open to question, the answer to which was the province of the jury. With more than a scintilla of evidence to support a finding only of intent to do bodily harm, [defendant] was entitled to the instruction on the lesser offense." Id. We do not agree.

In order to sustain a conviction of maiming by mob under Code § 18.2-41, the evidence must establish that the accused was a member of a group composing a mob; that the mob caused the victim bodily injury; and that the mob acted with the malicious intent "to maim, disable, disfigure or kill" the victim. In order to sustain a conviction of assault or battery by mob under Code § 18.2-42, the evidence must establish that the accused was a member of a mob and that the mob committed simple assault or battery. See Leal, 37 Va. at 531, 559 S.E.2d at 878. "The requisite intent under Code § 18.2-41 to maliciously maim,

5

disable, disfigure or kill is the only difference between the two offenses." Id. at 532, 559 S.E.2d at 878.

Here, there is no dispute that the victim sustained bodily injuries and that defendant was a member of a mob. Indeed, the instruction tendered by defendant was on assault or battery by mob, not merely simple assault or battery. Therefore, because the evidence warranted a conviction of the crime charged, the pertinent inquiry becomes whether there is more than a scintilla of independent evidence to show that defendant was entitled to an instruction on the lesser offense. There was not.

We hold, contrary to the Court of Appeals' ruling and the defendant's argument, that neither defendant's testimony nor the circumstances provide the necessary quantum of independent evidence to show he did not intend to maim, disable, disfigure, or kill Binns.

Defendant claimed he merely was acting as a peacemaker and in self defense. Yet the gravity of the victim's injuries inflicted by the mob, which are uncontroverted, belies any finding that the mob, of which defendant was a member, did not maliciously intend to maim the victim. Every person composing a mob "becomes criminally culpable even though the member may not have actively encouraged, aided, or countenanced the act." Harrell v. Commonwealth, 11 Va. App. 1, 8, 396 S.E.2d 680, 683 (1990). The undisputed evidence of the victim's massive

injuries is inconsistent with defendant's version of the facts and his claim that he only intended to act as an arbiter during the affray. See Vaughn, 263 Va. at 36, 557 S.E.2d at 223, a case which is indistinguishable from the present case.

Finally, as noted, the Court of Appeals said the jury could have found that the mob "acted only with the intent to do Binns bodily harm in order to deter his attack on [defendant], and not with the specific, malicious intent 'to maim, disable, disfigure or kill' him." However, "[t]his conclusion is not based on affirmative evidence, but on the jury's ability to reject evidence that is uncontroverted." Vaughn, 263 Va. at 37, 557 S.E.2d at 223.

We repeatedly have ruled that "although the jury's ability to reject evidence will support an acquittal, the ability to reject evidence does not supply the affirmative evidence necessary to support a jury instruction." Id. citing Donkor, 256 Va. at 445, 507 S.E.2d at 76; LeVasseur v. Commonwealth, 225 Va. 564, 590, 304 S.E.2d 644, 658 (1983); and Guss, 217 Va. at 15, 225 S.E.2d at 197.

Under the facts of this case, as the circuit court correctly ruled, the defendant was either guilty of maiming by mob or no offense at all. It follows that the Court of Appeals erred in determining that an instruction on the lesser crime was appropriate.

Consequently, the judgment of the Court of Appeals will be reversed and final judgment will be entered here reinstating the circuit court's judgment of conviction.

Reversed and final judgment.