# CIRCUIT COURT OF ROCKINGHAM COUNTY

Commonwealth of Virginia

v.

Ramiro Santibanez-Cruz

December 9, 2009

Case No. CL09-000385

BY JUDGE JAMES V. LANE

This matter came before the Court on Defendant's Motion to Set Aside Jury Verdict. Having heard oral argument on December 4, 2009, and reviewed the applicable law, the Court now grants the motion and orders that the jury verdict be set aside.

Defendant argues that the Court erred in denying his request for an unlawful wounding instruction, a lesser-and-included offense of malicious wounding. Defendant argues that the existence of malice was a question of fact for the jury. While the jury was instructed as to the definition of malice, it was given an all-or-nothing proposition of malicious wounding or acquittal.

The Commonwealth argues that there was not more than a scintilla of evidence to support the unlawful wounding instruction or, in other words, that there was not more than a scintilla of evidence of heat of passion, which negates malice. *Commonwealth v. Donkor*, 256 Va. 443, 445 (1998) (more than a scintilla of evidence needed to support lesser-and-included instruction). The Commonwealth focuses on the defendant's theory of defense-of-another and argues that the defendant's statements that he intended to stab the victim to defend his son is incompatible with a heat of passion instruction.

The Court disagrees with the Commonwealth. It is undisputed that the difference between unlawful wounding and malicious wounding is the existence of malice and that heat of passion and malice are mutually exclusive. *Miller v. Commonwealth*, 5 Va. App. 22 (1987) ("Where defendant produces evidence that he acted in the heat of passion, he is entitled to an instruction on the lesser offense of unlawful wounding.").

However, the fact that the jury rejected defendant's defense-of-another theory does not mean that the jury would not have found heat of passion. *Barrett v. Commonwealth*, 231 Va. 102 (1986) ("Because the jury apparently rejected the evidence tending to support Barrett's claim of self-defense, it does not necessarily follow that it also would have rejected the evidence that Barrett acted in the heat of passion."). It is well settled that a battery upon a person closely connected to the defendant can serve as adequate provocation for a heat of passion defense. *Jacobs v. Commonwealth*, 132 Va. 681 (1922) (jury question on sufficient provocation where defendant shot man at party for knocking down defendant's mother).

The question before the Court is whether the defendant presented more than a scintilla of evidence of heat of passion. Having reviewed the transcript, the Court finds more than a scintilla of such evidence. The defendant testified "And when I saw my son on the ground, then that was when I got involved because he was hit. I have to be involved for him, because of him." (Tr. vol. 2, 10:3-5.) "Because my son was laying down on the ground, then I thought that [Oscar Pluges] had hit him." (10:22-24.) Additional heat of passion evidence was elicited by the Commonwealth on cross-examination:

> Q: And you were enraged when you stabbed Mario?
> A: Well, when I saw my son laying down, that was when I did that. Yes, because nothing I want, I couldn't do anything to anybody.

(37:5-8.) Defendant's daughter, Maribel Santibanez, testified that she saw the victim beating the defendant's son and that the son went to the ground more than once in the fray. (Tr. vol. 1, 170-171.) Defendant's son, Antonio, testified that the victim was striking him or attempting to strike him prior to the stabbing and that he was knocked to the ground and hit his head. (187-189.)

While there was undoubtedly conflict in the testimony, the Court finds that such discrepancies are for the jury to resolve. There was enough evidence of provocation — more than a scintilla — for the jury to determine whether defendant acted in the heat of passion. Consequently, the Court finds that it erred in refusing to give the unlawful wounding instruction.

Accordingly, it is hereby adjudged and ordered that defendant's Motion to Set Aside Jury Verdict be granted, and the matter is continued until December 15, 2009, at 9:00 a.m. for the purpose of scheduling a new trial.