COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Elder and Humphreys
Argued at Richmond, Virginia


QUAIYIM AMIN EL-SHABAZZ, S/K/A
  QAIYIM AMIN EL-SHABAZZ
                                              MEMORANDUM OPINION[*] BY
v.        Record No. 2685-10-2             JUDGE ROBERT J. HUMPHREYS
                                                   APRIL 3, 2012
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Margaret P. Spencer, Judge

           Catherine French, Supervising Assistant Public Defender (Office of
           the Public Defender, on brief), for appellant.

           John W. Blanton, Assistant Attorney General (Kenneth T. Cuccinelli,
           II, Attorney General, on brief), for appellee.


       Quaiyim Amin El-Shabazz ("El-Shabazz") appeals his conviction by a jury in the Circuit

Court of the City of Richmond ("trial court") of robbery, abduction for pecuniary benefit, two

counts of use of a firearm in the commission of a felony, and possession of a firearm by a violent

felon.  El-Shabazz argues that the trial court erred (1) by denying El-Shabazz's motions to strike

the abduction for pecuniary benefit charge and the attendant use of a firearm charge, where the

abduction was merely incidental to another crime; (2) by denying El-Shabazz's proposed jury

instructions on attempted robbery where there was more than a scintilla of evidence to support

the instructions; (3) by overruling El-Shabazz's objection to the Commonwealth's "taking"

instruction where the instruction was inaccurate, confusing, misleading, inappropriate, and

emphasized certain evidence to the jury; and (4) by denying El-Shabazz's proposed model jury

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

instruction on circumstantial evidence where the other instructions did not adequately cover the substance of the proposed instruction. We affirm on all assignments of error.

### I. Motion to Strike

Among other indictments, El-Shabazz was indicted by the grand jury for robbery of Benjamin Jordan, in violation of Code § 18.2-58, abduction of Jordan for pecuniary benefit, in violation of Code § 18.2-48, and abduction of Ramaad Comer for pecuniary benefit, in violation of Code § 18.2-48. The jury found El-Shabazz guilty of the robbery of Jordan and guilty of the abduction of Comer, but not guilty of the abduction of Jordan. On appeal, El-Shabazz argues that the trial court erred in denying his motions to strike the charge of abduction of Comer where the abduction was merely incidental to the robbery of Jordan.

Applying constitutional principles of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the Virginia Supreme Court has held that,

> one accused of abduction by detention and another crime involving restraint *of the victim*, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985) (emphasis added). In Brown, the Supreme Court held that double jeopardy principles applied where the defendant is "accused of abduction by detention and another crime involving restraint of the victim . . . ." Id. at 314, 337 S.E.2d at 713. Clearly the Supreme Court in Brown contemplated a defendant who was charged with two crimes, each against the same victim. Double jeopardy is not implicated in the situation where a defendant is punished for two separate crimes, each against a different victim.

This Court applied Brown in Clanton v. Commonwealth, 53 Va. App. 561, 673 S.E.2d 904 (2009) (*en banc*), where Clanton appealed his conviction of abduction of an infant. Id. at

- 2 -

566, 673 S.E.2d at 906. Clanton was also convicted of multiple counts of attempted robbery of the adults in the home. Id. at 566 n.2, 673 S.E.2d at 906 n.2. He argued that the alleged abduction of the infant was incidental to the attempted robbery and thus his conviction for abduction was barred by principles of double jeopardy. Id. at 571 n.10, 673 S.E.2d at 909 n.10. This Court cited Brown, as quoted *supra*, and added that "[t]his doctrine has no application since Clanton was not charged with attempted robbery of the infant or any other crime involving restraint of the infant." Id.

In this case, as in Clanton, the victim of the abduction and the victim of the robbery are two separate persons. Therefore, the abduction was not merely incidental to the robbery. The constitutional problem of imposing two punishments for the same offense is not implicated here. El-Shabazz victimized two individuals and faces punishment for separate crimes against each of them. Thus, we decline to find that the trial court erred in denying El-Shabazz's motions to strike the charge of abduction for pecuniary benefit of Comer.

## II. Jury Instructions on Attempted Robbery

El-Shabazz argues on appeal that the trial court erred in denying his proposed jury instructions on attempted robbery.

The granting and denying of jury instructions rests in the sound discretion of the trial court. Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009). An appellate court's responsibility in reviewing jury instructions "'is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Id. (quoting Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006)). "If a proffered instruction finds any support in credible evidence, its refusal is reversible error." McClung v. Commonwealth, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975). If the jury could have found that the defendant's act met the definition of the crime in the proposed instruction, the court

should have given the instruction.  Id.  However, "[j]ury instructions are proper only when supported by the evidence, and 'more than a scintilla of evidence is necessary to support a lesser-included offense instruction requested by the defendant.'"  Commonwealth v. Leal, 265 Va. 142, 145, 574 S.E.2d 285, 287 (2003) (quoting Commonwealth v. Donkor, 256 Va. 443, 445, 507 S.E.2d 75, 76 (1998)).

Robbery is a common-law crime defined as "'taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'"  Commonwealth v. Jones, 267 Va. 284, 286, 591 S.E.2d 68, 70 (2004) (quoting George v. Commonwealth, 242 Va. 264, 277, 411 S.E.2d 12, 20 (1991)).  Attempted robbery requires that the defendant intended to commit robbery and that he committed a direct, but ineffectual, act to accomplish the crime.  Jay v. Commonwealth, 275 Va. 510, 524-25, 659 S.E.2d 311, 319 (2008).

In robbery, there must be an asportation.  Green v. Commonwealth, 133 Va. 695, 699, 112 S.E 562, 563 (1922).  "The degree of asportation necessary to constitute a taking under the common law definition of robbery need only be slight."  Durham v. Commonwealth, 214 Va. 166, 168, 198 S.E.2d 603, 606 (1973).  The Supreme Court has also found that a "perpetrator exercises dominion and control over an object where he commands another to seize the object and the person complies."  Turner v. Commonwealth, 221 Va. 513, 528, 273 S.E.2d 36, 45 (1980).

In Turner, the defendant entered a jewelry store, pulled out his gun, and demanded money and jewelry.  Id. at 518, 273 S.E.2d at 39.  While at gunpoint, Smith, the manager, and Cosby, a customer, placed money and valuables designated by Turner into jewelry bags.  Id. at 528, 273 S.E.2d at 45.  Smith and Cosby placed the bags on the counter.  Id.  A police officer then subdued Turner.  Id. at 518, 273 S.E.2d at 39.  The Court held that while "Turner never had

- 4 -

physical possession of the jewelry bags personally, we believe the requirement of asportation has been satisfied in this case." Id. at 528, 273 S.E.2d at 45. The Court then cited Durham for the proposition that the degree of asportation required for a robbery need only be slight. Id. "Turner exercised dominion and control over the money and valuables when Smith and Cosby asported these items at his command." Id.

In this case, El-Shabazz approached Jordan and Comer, pointing a gun at them and said "give me the money" and told them to open the safe. El-Shabazz stood near Jordan pointing the gun at him and repeating "give me all the money," as Jordan put the money in El-Shabazz's bag. El-Shabazz also told him not to risk his life for "no money."

Under Turner, and thus as a matter of law, the taking was complete when Jordan, acting at the command of El-Shabazz at gunpoint, took the money from the safe and placed it into the bag. At that point, through the unwilling agency of Jordan, El-Shabazz exercised dominion and control over the money. See also McAlevy v. Commonwealth, 270 Va. 378, 380, 620 S.E.2d 758, 759 (2005) ("the asportation element of larceny may be imputed to a defendant who acts through an innocent agent"). The requirement of asportation was satisfied by the undisputed evidence that Jordan put the money from the safe in the bag at El-Shabazz's command. El-Shabazz does not contest the evidence on any of the other elements of robbery. Therefore, there is no evidence to support an attempted robbery instruction.

### III. Jury Instruction on "Taking"

El-Shabazz argues that the trial court erred by giving the Commonwealth's 'taking' instruction over his objection "where the instruction was inaccurate, confusing, misleading, inappropriate, and emphasized certain evidence to the jury."

The jury instruction given by the trial court reads:

> The degree of movement necessary to be a taking under the definition of robbery need only be slight. Such a taking is

> completed when the perpetrator commands or instructs another to seize the item and the person complies. The perpetrator does not need to have physical possession of the item taken.

El-Shabazz argues that the taking instruction does not accurately state the law. He contends that Turner was wrongly decided, and therefore, any instruction based on Turner is an inaccurate statement of law. However, Turner is a Virginia Supreme Court case and is binding upon both the trial court and this Court.

Jury instructions must cover all issues that the evidence fairly raises, and "a correct statement of the law is one of the 'essentials of a fair trial.'" Darnell v. Commonwealth, 6 Va. App. 485, 488-89, 370 S.E.2d 717, 719 (1988) (quoting Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979)). The first sentence of the instruction in the present case correctly states that the degree of asportation necessary to constitute a taking under common law robbery need only be slight. See Durham, 214 Va. at 168, 198 S.E.2d at 606; Brown v. Commonwealth, 24 Va. App. 292, 295, 482 S.E.2d 75, 77 (1997); Beard v. Commonwealth, 19 Va. App. 359, 362, 451 S.E.2d 698, 700 (1994). The second and third sentences of the instruction accurately reflect the law under Turner. In Turner, the Supreme Court decided whether the asportation necessary to constitute a taking in common law robbery was satisfied even though Turner never had personal physical possession of the property. Turner, 221 Va. at 528, 273 S.E.2d at 45. The Supreme Court found that a perpetrator exercises dominion and control over an object where he commands another to seize the object and the person complies. Id. The jury instruction given in this case stated the law as set forth in Turner. To refuse the language in this instruction would have left the jury without relevant law on an issue raised by the evidence.

El-Shabazz also contends that the trial court directed the jury's attention to the taking element of the robbery by defining this element without defining the other elements of robbery

and in doing so "emphasized certain evidence to the jury." If only one element of the crime is disputed in the evidence, then only an instruction on that element of the crime is necessary. See Newton v. Commonwealth, 29 Va. App. 433, 458, 512 S.E.2d 846, 858 (1999) (jury instructions should relate to the specific evidence of the case; abstract propositions of law do little to help a jury).

## IV. Jury Instruction on Circumstantial Evidence

Finally, El-Shabazz argues that the trial court erred by denying his proposed model jury instruction on circumstantial evidence. El-Shabazz contends that no other instructions discussed circumstantial evidence and that the Commonwealth relied on circumstantial evidence to show that a "taking" occurred, as an element of common law robbery.

As stated *supra*, under the law in Turner, a perpetrator is not required to have personal, physical possession of the property to constitute a taking, and the requirement of asportation is satisfied when another person moves, carries, or transports the property at the command of the perpetrator. The Commonwealth's proof on the taking element relied on the direct evidence that Jordan asported the money under the command of El-Shabazz. El-Shabazz exercised dominion and control over the money even though he did not physically possess the money bag. The requirement of asportation was complete based on the direct and uncontested evidence that Jordan, while at gunpoint, complied with El-Shabazz's command and put the money in the bag. It was not error for the trial court to refuse an instruction on circumstantial evidence where the Commonwealth did not rely on circumstantial evidence to prove its case. See Avent v. Commonwealth, 279 Va. 175, 202, 688 S.E.2d 244, 259 (2010) (quoting Commonwealth v.

Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001) ("'If the instruction is not applicable to the facts and circumstances of the case, it should not be given.'").

For all of the above reasons, the judgment of the trial court is affirmed.

Affirmed.