COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Chafin and O'Brien
Argued at Norfolk, Virginia

ANTOINE LAMONT CREECY

MEMORANDUM OPINION[*] BY
v.     Record No. 0605-14-1                    JUDGE TERESA M. CHAFIN
                                               OCTOBER 27, 2015

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Randall D. Smith, Judge

M. Colston Jones, Assistant Public Defender, for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Antoine Lamont Creecy ("appellant") was convicted in a jury trial of possession with the

intent to distribute both heroin and cocaine. On appeal, appellant contends that the trial court erred

by refusing his proffered jury instructions on the lesser-included offenses of simple possession of

heroin and simple possession of cocaine. Specifically, appellant argues that these instructions were

accurate statements of the law and were supported by more than a "scintilla of evidence." We

disagree with appellant's position and, for the reasons stated below, we affirm the trial court's

decision.

I. Background

"'When reviewing a trial court's refusal to give a proffered jury instruction, we view the

evidence in the light most favorable to the proponent of the instruction.'" Williams v.

Commonwealth, 64 Va. App. 240, 244, 767 S.E.2d 252, 254 (2015) (quoting Commonwealth v.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Vaughn, 263 Va. 31, 33, 557 S.E.2d 220, 221 (2002)).  So viewed, the evidence established that on the morning of October 24, 2012, police officers executed a search warrant on an apartment where appellant resided.  After knocking and announcing their presence and purpose and receiving no answer, the officers entered.  Investigator Mike Johnson found four people in a ground-floor bedroom, including appellant, his girlfriend, a small child, and one other person.  Appellant, his girlfriend, and the child were in the bed.

After removing appellant from the bed, the officers found in the bed a black sock or beanie hat with a knotted plastic bag sticking out of it.  The plastic bag contained 47 capsules of heroin with a total gross weight of 6.7 grams.  In addition to the capsules, appellant possessed three bags with more raw heroin, five $20 knotted bag corners of cocaine, a small amount of unpackaged cocaine, and a red straw containing narcotics residue.  In the kitchen, State Police Special Agent Cooke found two digital scales not typical of kitchen scales, and a quantity of Bonita powder.[1]  In a container, Special Agent Cooke found empty pill capsules used for packaging heroin for distribution and a cell phone.

The officers found in the bedroom closet a plastic box of .22 caliber ammunition.  In a container under some men's clothing, they also found a .22 caliber Walther semi-automatic pistol, locked in the manufacturer's plastic box with a gun lock.  In addition to the pistol, the box contained a magazine loaded with ten rounds of ammunition, a wristwatch inside a glove, and the manufacturer's test-fire cartridge case.

Investigator Scott read Miranda warnings to appellant from a preprinted card.  Appellant admitted ownership of the heroin and cocaine, and admitted he was a seller of both drugs.  He told

---

[1] Bonita is a children's laxative found in Mexican food stores commonly used to "cut" or dilute raw heroin prior to sale.

Scott that he had bought $900 worth of heroin and that he used Bonita to cut the heroin. Investigator Scott recovered $1,641 from appellant's pocket, mostly in $20 bills.

Investigator Burton testified as an expert in the field of narcotics distribution. Burton testified that while the Commonwealth's evidence could be explained by appellant's personal use of the cocaine and heroin, it was not probable. Additionally, Burton testified that evidence of personal use is not inconsistent with distribution, noting that many distributors use some of their own product. However, Burton testified that appellant's possession of the heroin and cocaine was inconsistent with personal use based upon the quantity of drugs, the manner of packaging, and the presence of tools related to distribution.

Scott testified on cross-examination that it was possible that appellant, as a longtime heroin user, could have used ten heroin capsules within a single day.

At the close of the evidence, appellant offered jury instructions on simple possession of heroin (proposed Jury Instruction A) and simple possession of cocaine (proposed Jury Instruction B), both lesser-included offenses of the charged offenses of possession with the intent to distribute. The trial court refused both instructions.

The jury found appellant guilty on both counts of possession with intent to distribute. This appeal followed.

## II. Analysis

"'A reviewing court's responsibility in reviewing jury instructions is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Williams, 64 Va. App. at 246, 767 S.E.2d at 255 (quoting Rhodes v. Commonwealth, 41 Va. App. 195, 200, 583 S.E.2d 773, 775 (2003)). We review a trial court's decisions concerning jury instructions for an abuse of discretion. Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (en banc).

"Although a defendant is entitled to an instruction upon his theory of the case," his or her instructions must be "supported by *some appreciable evidence*." Williams, 64 Va. App. at 246, 767 S.E.2d at 255 (internal quotation marks and citation omitted) (emphasis in original). "'[M]ore than a scintilla of evidence must be present to support an instruction.'" Id. (quoting Eaton v. Commonwealth, 240 Va. 236, 255, 397 S.E.2d 385, 397 (1990)). "'Thus, it is not error to refuse an instruction where there is no evidence to support it.'" Id. at 247, 767 S.E.2d at 256 (quoting Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001)).

"This Court has avoided establishing a precise definition for the term 'scintilla' because to do so would be 'neither practical nor helpful.'" Id. at 247, 767 S.E.2d at 256 (quoting Brandau v. Commonwealth, 16 Va. App. 408, 411, 430 S.E.2d 563, 564 (1993)). "'Rather, the weight of the credible evidence that will amount to more than a mere scintilla of evidence is a matter to be resolved on a case-by-case basis.'" Id. (quoting Brandau, 16 Va. App. at 411, 430 S.E.2d at 564).

When the proposed jury instruction includes a lesser-included offense and there is credible evidence in the record to support it, the "failure to give the instruction is reversible error." Id. (internal quotation marks and citations omitted). However, if there is "no *independent* evidence warranting a conviction [of the lesser-included offense], an instruction on the lesser-included offense need not be given." Id. (alteration in original) (internal quotation marks and citations omitted). "The evidence must 'provide the necessary quantum of independent evidence' to support an instruction on the lesser-included offense." Id. (quoting Commonwealth v. Leal, 265 Va. 142, 147, 574 S.E.2d 285, 288 (2003)). Furthermore, the jury's "'ability to reject evidence does not supply the *affirmative* evidence necessary to support a jury instruction.'" Id. (quoting Vaughn, 263 Va. at 36, 557 S.E.2d at 223); see Commonwealth v. Donkor, 256 Va. 443, 446-47, 507 S.E.2d 75, 77 (1998) ("[T]he jury's ability to reject evidence [does not operate] as a substitute for the

- 4 -

evidentiary support required to grant a defendant's request for an instruction on a lesser-included offense.").

Where the only difference between the greater offense and the lesser offense is intent, as it is here, and the evidence warrants a conviction for the greater offense, appellant must identify more than a scintilla of independent evidence that he did not intend the greater offense. See Leal, 265 Va. at 145, 574 S.E.2d at 287; Vaughn, 263 Va. at 35-36, 557 S.E.2d at 222-23. Therefore, if there was more than a scintilla of evidence supporting appellant's claim that he possessed the heroin and cocaine without the intent to distribute them, then he was entitled to jury instructions on the lesser-included offense of simple possession. On the other hand, if there was sufficient evidence to support appellant's convictions of possession with the intent to distribute both cocaine and heroin, "and there [was] no independent evidence warranting a conviction [of simple possession], an instruction on the lesser-included offense" was not required. Vaughn, 263 Va. at 36, 557 S.E.2d at 222-23. Thus, if the trial court correctly determined that there was not more than a scintilla of evidence to support appellant's assertion that he simply possessed the drugs, then "it [was] not error to refuse [the] instruction[s]." Sands, 262 Va. at 729, 553 S.E.2d at 736.

In the present case, it is uncontested that the evidence supported appellant's convictions of possession of cocaine and heroin with intent to distribute. In fact, appellant admitted to Burton that he sold cocaine and heroin. As such, "the pertinent inquiry becomes whether there is more than a scintilla of independent evidence to show that [appellant] was entitled to . . . instruction[s] on the lesser offense[s]." Leal, 265 Va. at 146, 574 S.E.2d at 288.

Appellant argues that his cross-examination of the Commonwealth's witnesses provided the necessary scintilla by showing that it was possible that the drugs could have been for personal use. This argument, however, mischaracterizes the scintilla of evidence standard, which, when applied to the present case, requires a "necessary quantum of independent evidence to show [appellant] did *not*

*intend*" to distribute the cocaine and heroin.  <u>Id.</u> at 147, 574 S.E.2d at 288 (emphasis added).  Mere speculation that the heroin and cocaine could have been for personal use is not independent, affirmative evidence showing a lack of intent to distribute, especially in light of appellant's statements to Burton that he sold the drugs.  Accordingly, the trial court did not abuse its discretion by declining to grant appellant's proposed instructions.

<u>Affirmed.</u>