COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present: Judges Petty, Beales and Alston
Argued at Richmond, Virginia


JAMES EDWARD WILLIAMS

                                          OPINION BY
v.      Record No. 0700-14-2          JUDGE WILLIAM G. PETTY
                                         JANUARY 20, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

Steven P. Hanna for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


James Edward Williams was convicted of malicious wounding in violation of Code

§ 18.2-51. On appeal, Williams argues that the trial court erred in denying jury instructions for

the lesser-included offense of unlawful wounding. We disagree and affirm Williams's

conviction.

I. BACKGROUND

"When reviewing a trial court's refusal to give a proffered jury instruction, we view the

evidence in the light most favorable to the proponent of the instruction." Commonwealth v.

Vaughn, 263 Va. 31, 33, 557 S.E.2d 220, 221 (2002). So viewed, the facts are as follows.

Williams testified that on September 25, 2012, he went to a 7-11 convenience store with

his companion, Delvon Brown. Initially, Brown entered the store and Williams waited outside.

When Williams entered the store to "ask [Brown] what was taking so long," he saw Brown

arguing with a female. With the female were the victim and another male. Williams and Brown

then left the store; about one minute later, the victim left the store. Williams saw Brown "com[e]

up to [the victim]" and "hit him" on the back of the head. After Brown hit the victim, Williams "walked around [the car] and went and got [a gun]," which was loaded, from under the seat of the car. Williams admitted that the victim had done nothing to him or to Brown and that Williams was the only one who pulled out a gun during the incident. Williams testified that he fired shots "to scare" the victim "because [the victim], after [Brown] hit him, he was ready to fight back"—the victim "got upright like[,] like he was ready to defend hi[m]self." The first shot Williams fired hit the victim in his front lower torso, above the hip. Williams fired six additional shots as the victim was fleeing, none of which hit the victim.

Williams testified that he fired the shots because he heard that a friend of his "just got murdered leaving a gas station. And was – was followed and gunned down." The friend's death had occurred in Atlanta, while Williams was in California, sometime between September 16, 2012 and September 23, 2012.[1] Williams testified as to his state of mind at the time of the shooting:

> The only thing I – the only thing I was thinking about was my friend. That's – that's it. I wasn't thinking about doing anything or hurting anybody.
> I was just thinking about [my friend] and the situation. I had just left his mom's house, not even a couple hours ago. . . . That was in my mind the whole time. When this whole thing was going down. That's what everything that was going on in my mind.

Williams testified that when he shot the gun he was "trying to scare [the victim and his friends] out of the situation."

---

[1] Although Williams testified that the murder took place on September 16, 2012, both Williams's fiancée and brother testified that the murder took place on approximately September 23, 2012. Of the two dates, only the earlier one would accommodate Williams's testimony that he "cried for like a whole week before [he] even got on the plane" to travel from California to Virginia.

Williams was charged with malicious wounding in violation of Code § 18.2-51 and tried by jury. When the defense rested, Williams renewed his motion to strike the evidence. He conceded there was "ample sufficient evidence, quite frankly, for an unlawful wounding" charge, but "no sufficient evidence for any malicious wounding charge." The court denied the motion to strike, finding that it "d[id]n't see any evidence to support [unlawful wounding] as a lesser offense," but finding that "[c]ertainly there [was] ample evidence to support [malicious wounding] as the offense as charged." The court noted three facts: Williams testified his companion struck the victim first, Williams shot at the victim because Williams was afraid the victim would defend himself, and the first shot hit the victim in the middle of his body. Based on the same facts, the court subsequently denied three jury instructions on the lesser-included offense of unlawful wounding.

Williams timely appealed the court's denial of the jury instructions for unlawful wounding.

## II. ANALYSIS

Williams argues that the trial court erred in denying a jury instruction for the lesser-included offense of unlawful wounding. Williams concedes that there is no doubt that he committed a crime against the victim, but argues it was for the jury to determine if the crime was malicious or merely unlawful. Williams argues that evidence presented regarding Williams's state of mind, specifically related to his grief and fear over the death of his friend, indicated a lack of malice, thereby entitling him to jury instructions on the lesser-included offense of unlawful wounding. We disagree.

A. Rules of Law

On appeal, we review the trial court's "broad discretion in giving or denying instructions requested" for an abuse of discretion. Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (en banc).

*1. Jury Instructions Must Be Supported by the Evidence*

"'A reviewing court's responsibility in reviewing jury instructions is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Rhodes v. Commonwealth, 41 Va. App. 195, 200, 583 S.E.2d 773, 775 (2003) (quoting Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988)). Although a defendant "is entitled to an instruction upon his theory of the case," this rule can be invoked "[o]nly when such instruction is supported by *some appreciable evidence*." Harris v. Commonwealth, 134 Va. 688, 695, 114 S.E. 597, 600 (1922) (emphasis added); see Eaton v. Commonwealth, 240 Va. 236, 255, 397 S.E.2d 385, 397 (1990) ("A defendant is entitled to have the jury instructed only on those theories of the case that are supported by evidence.").

Additionally, "[m]ore than a scintilla of evidence must be present to support an instruction." Id.; see Buchanan v. Commonwealth, 238 Va. 389, 412, 384 S.E.2d 757, 771 (1989) (holding that the trial court did not err in denying a jury instruction for a lesser-included offense where the defendant "relie[d] on but a scintilla of evidence to support his motion for [the lesser-included] instruction"); Le Vasseur v. Commonwealth, 225 Va. 564, 590, 304 S.E.2d 644, 658 (1983) ("No instruction should be given unless it is supported by evidence, and such evidence must be more than a scintilla."). "Thus, it is not error to refuse an instruction when there is no evidence to support it." Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001).

This Court has avoided establishing a precise definition for the term "scintilla" because to do so would be "neither practical nor helpful." Brandau v. Commonwealth, 16 Va. App. 408, 411, 430 S.E.2d 563, 564 (1993). "Rather, the weight of the credible evidence that will amount to more than a mere scintilla of evidence is a matter to be resolved on a case-by-case basis." Id.

Furthermore, when the proposed jury instruction touches upon a lesser-included offense and there is any credible evidence in the record to support the instruction, "'failure to give the instruction is reversible error.'" Id. at 412, 430 S.E.2d at 565 (quoting Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992)). Conversely, "[i]f the evidence is sufficient to support 'a conviction of the crime charged, and there is no *independent* evidence warranting a conviction [of the lesser-included offense], an instruction on the lesser-included offense need not be given.'" Vaughn, 263 Va. at 36, 557 S.E.2d at 222-23 (second alteration in original) (emphasis added) (quoting Guss v. Commonwealth, 217 Va. 13, 14, 225 S.E.2d 196, 197 (1976)). The evidence must "provide the necessary quantum of independent evidence" to support an instruction on the lesser-included offense. Commonwealth v. Leal, 265 Va. 142, 147, 574 S.E.2d 285, 288 (2003). Further, the jury's "ability to reject evidence does not supply the *affirmative* evidence necessary to support a jury instruction." Vaughn, 263 Va. at 36, 557 S.E.2d at 223 (emphasis added); see Commonwealth v. Donkor, 256 Va. 443, 446-47, 507 S.E.2d 75, 77 (1998) ("[T]he jury's ability to reject evidence [does not operate] as a substitute for the evidentiary support required to grant a defendant's request for an instruction on a lesser-included offense.").

Thus, for Williams to be entitled to a jury instruction on a lesser-included offense, he must provide independent, affirmative evidence supporting the absence of the element that distinguishes the charged offense from the lesser-included offense.

## 2. *Malice Distinguishes Malicious Wounding from Unlawful Wounding*

The jury convicted Williams of malicious wounding in violation of Code § 18.2-51. A defendant violates Code § 18.2-51 when he wounds or injures a victim "with the intent to maim, disfigure, disable, or kill" him. If the defendant acts with malice, he is guilty of malicious wounding, a Class 3 felony. See Code § 18.2-51. If he acts *without* malice—but still commits a legally unjustified wounding with the intent to maim, disfigure, disable, or kill—he is guilty of the lesser-included offense of unlawful wounding, a Class 6 felony. Shifflett v. Commonwealth, 221 Va. 191, 193, 269 S.E.2d 353, 354 (1980). "The element in malicious wounding that distinguishes it from unlawful wounding is malice," a state of mind that can be "expressed or implied" by the circumstances of the attack. Hernandez v. Commonwealth, 15 Va. App. 626, 631, 426 S.E.2d 137, 140 (1993).

To define malice, we may look to homicide law "[b]ecause the mental-state elements of unlawful wounding are the same as those of voluntary manslaughter." Barrett v. Commonwealth, 231 Va. 102, 105, 341 S.E.2d 190, 192 (1986) (analyzing trial court's refusal of jury instruction for unlawful wounding). "'Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed a purposeful and cruel act without any or without great provocation.'" Robertson v. Commonwealth, 31 Va. App. 814, 823, 525 S.E.2d 640, 645 (2000) (quoting Branch v. Commonwealth, 14 Va. App. 836, 841, 419 S.E.2d 422, 426 (1992)). "A 'common theme running through [the definitions of malice] is a requirement that a wrongful act be done wilfully or purposefully.'" Avent v. Commonwealth, 279 Va. 175, 202, 688 S.E.2d 244, 259 (2010) (alteration in original) (quoting Essex v. Commonwealth, 228 Va. 273, 280, 322 S.E.2d 216, 220 (1984)); see Epperly v. Commonwealth, 224 Va. 214, 231, 294 S.E.2d 882, 892 (1982) ("[M]alice is implied by law from any deliberate, willful, and cruel act against another, however sudden."). Furthermore, "[m]alice may be

- 6 -

inferred 'from the deliberate use of a deadly weapon unless, from all the evidence,' there is reasonable doubt as to whether malice existed." Avent, 279 Va. at 201-02, 688 S.E.2d at 259 (quoting Smith v. Commonwealth, 239 Va. 243, 263, 389 S.E.2d 871, 882 (1990)).

### 3. Heat of Passion Excludes Malice

Deliberate and purposeful acts may nonetheless be done without malice if they are done in the heat of passion. "Heat of passion excludes malice when provocation reasonably produces fear that causes one to act on impulse without conscious reflection.'" Graham v. Commonwealth, 31 Va. App. 662, 671, 525 S.E.2d 567, 571 (2000). "'Heat of passion' refers to 'the *furor brevis* which renders a man deaf to the voice of reason.'" Id. (quoting Caudill v. Commonwealth, 27 Va. App. 81, 85, 497 S.E.2d 513, 514-15 (1998)). Further, "[t]he law requires the *simultaneous* occurrence of *both* reasonable provocation and passion." Id. (emphasis added).

Moreover, where it is not the victim of the crime who provoked the defendant's heat of passion, the evidence will not support a finding of heat of passion. Arnold v. Commonwealth, 37 Va. App. 781, 789, 560 S.E.2d 915, 919 (2002) (citing Peeples v. Commonwealth, 30 Va. App. 626, 634, 519 S.E.2d 382, 386 (1999) (en banc) (concluding defendant's "version of events did not support a claim that he acted in heat of passion upon reasonable provocation" because "the perceived threat did not come from the victim")).[2] Heat of passion requires reasonable

---

[2] We note that courts in other jurisdictions have likewise concluded that the defendant's heat of passion must be provoked by the victim. See, e.g., MacKool v. State, 213 S.W.3d 618, 622 (Ark. 2005) (observing that Arkansas has "previously declined to recognize provocation by a third party as sufficient to require instructions on manslaughter" and holding that "manslaughter instruction was not appropriate in the absence of any proof of provocation from [the victim] herself"); State v. Follin, 947 P.2d 8, 16-17 (Kan. 1997) (concluding "the trial court was under no obligation to instruct the jury on the lesser offense of voluntary manslaughter" where "the murderous actions were directed against persons innocent of any responsibility for provoking defendant"); Commonwealth v. LeClair, 840 N.E.2d 510, 515 (Mass. 2006) (rejecting the American Law Institute's Model Penal Code § 210.3 (1980) and reaffirming Massachusetts's

provocation, and, arguably, "a reasonable man would never be so greatly provoked as to strike out in blind anger at an innocent person." 2 Wayne R. LaFave, Substantive Criminal Law § 15.2(g), at 511 (2d ed. 2003).

Here, Williams was charged with malicious wounding and requested a jury instruction for the lesser-included offense of unlawful wounding. "The element in malicious wounding that distinguishes it from unlawful wounding is malice . . . ." Hernandez, 15 Va. App. at 631, 426 S.E.2d at 140. Therefore, if there was more than a scintilla of evidence supporting Williams's claim that he acted without malice, i.e. in the heat of passion, when he shot the victim, then he was entitled to jury instructions on the lesser-included offense of unlawful wounding. On the other hand, if there was sufficient evidence to support a conviction of malicious wounding, "and there [was] no independent evidence warranting a conviction [of unlawful wounding], an instruction on the lesser-included offense" was not required. Vaughn, 263 Va. at 36, 557 S.E.2d at 222-23. Thus, if the trial court correctly determined that there was not more than a scintilla of

---

"well-established rule that evidence of provocation by a third party, rather than the victim of a homicide, is insufficient to warrant a voluntary manslaughter instruction"); State v. Vinso, 71 S.W. 1034, 1038 (Mo. 1903) (rejecting heat of passion argument where victim "was in no manner responsible by word or act for the assumed violent passion"); State v. Bautista, 227 N.W.2d 835, 839 (Neb. 1975) (holding trial court did not err "in refusing to instruct the jury further regarding reasonable provocation because there [was] no evidence in the record that the defendant was reasonably provoked by the victim"); State v. Locklair, 535 S.E.2d 420, 425 (S.C. 2000) ("Provocation necessary to support a voluntary manslaughter charge must come from some act of or related to the victim in order to constitute sufficient legal provocation."); State v. Tilson, 503 S.W.2d 921, 924 (Tenn. 1974) (refusing to expand voluntary manslaughter to include victim who was a "noncombatant by-stander" but "'on the side' of the one actually provoking the fight"); State v. Turgeon, 676 A.2d 339, 342 (Vt. 1996) (refusing to find reasonable provocation where defendant killed police officer after alleged provocation by wife).

Furthermore, in unpublished opinions we have previously relied on our holding in Arnold that heat of passion requires reasonable provocation by the victim. See, e.g., Commonwealth v. Smith, No. 0985-12-3, 2012 Va. App. LEXIS 372 (Va. Ct. App. Nov. 20, 2012); Monroe v. Commonwealth, No. 2993-07-2, 2009 Va. App. LEXIS 111 (Va. Ct. App. Mar. 17, 2009); Smith v. Commonwealth, No. 2992-02-3, 2004 Va. App. LEXIS 213 (Va. Ct. App. May 4, 2004).

evidence to support Williams's theory of heat of passion, then "it [was] not error to refuse [the] instruction." Sands, 262 Va. at 729, 553 S.E.2d at 736.

## B. Application

"To resolve the issue of whether there was more than a mere scintilla of evidence tending to establish that [Williams acted without malice] so as to support an instruction on [unlawful wounding], we focus upon [Williams's] account of the events in question and view it in the light most favorable to his assertions." Brandau, 16 Va. App. at 412, 430 S.E.2d at 565.

Based on Williams's own testimony, he shot the victim after Brown hit the victim on the back of the head, in a completely unprovoked attack. Williams admitted that the victim was unarmed and that no one besides Williams pulled a gun out during the incident. Williams testified that after Brown hit the victim, Williams walked around the car he had ridden in, retrieved a loaded gun from under the seat, and fired the gun. Williams admitted that after he injured the victim with the first shot fired, he continued to fire the gun as the victim was trying to get away. He also admitted that he was not supposed to have a gun in his possession because he is a convicted felon. Williams does not contest any of these facts, and based on these facts malice can be inferred.

Malice can be inferred from the deliberate use of a deadly weapon unless, from all the evidence, there is a reasonable doubt as to whether malice existed. Avent, 279 Va. at 202, 688 S.E.2d at 259. Here, Williams admitted to the deliberate use of a deadly weapon. Moreover, "malice is implied by law from any deliberate, willful, and cruel act against another, however sudden." Epperly, 224 Va. at 231, 294 S.E.2d at 892. Here, Williams deliberately brought a loaded gun with him to the store even though he knew it was unlawful for him to do so. He deliberately and purposefully retrieved the gun from under the seat of the car and, knowing that it was loaded, pointed it toward the victim and deliberately pulled the trigger. He deliberately

- 9 -

continued to pull the trigger as the victim was fleeing. Therefore, malice can be inferred from Williams's deliberate acts against the victim.

Although a jury may reject the inference of malice, "the jury's ability to reject evidence is not a substitute for the evidentiary support required to grant a defendant's request for an instruction on a lesser-included offense." Donkor, 235 Va. at 446-47, 507 S.E.2d at 77. Williams was required to provide independent, affirmative evidence to rebut the inference of malice. This he simply failed to do.

Williams argues that his deliberate act of firing multiple gunshots at the victim was done without malice, that is, in the heat of passion. Heat of passion requires the simultaneous "reasonable provocation" by the victim and resulting passion by the defendant, such that the defendant acts "on impulse without conscious reflection." Graham, 31 Va. App. at 671, 525 S.E.2d at 571. As noted above, where it is not the victim of the crime who invoked the defendant's heat of passion, heat of passion is not established. Arnold, 37 Va. App. at 789, 560 S.E.2d at 919 (finding that where "there was no evidence that Hasan, the victim, committed any action invoking fear and/or rage in Arnold, [there was] no error in the trial court's refusal of the [voluntary manslaughter] instruction"). Here, Williams admitted that the victim did nothing to invoke fear or rage in Williams. We must look to the "nature and degree of the provocation," Canipe v. Commonwealth, 25 Va. App. 629, 643, 491 S.E.2d 747, 753 (1997), but here Williams admitted there was no provocation from the victim at all. Rather, Williams attributed his fear to the fact that he heard about a friend's murder nine days earlier, in another state, by an unnamed assailant. Even if the news of his friend's death caused Williams grief and fear, that fear was not a result of "reasonable provocation" *by the victim*. Nor did the fear, which was produced some days earlier, occur simultaneously with the shooting. Simply put, Williams's deliberate acts of getting a loaded gun, bringing it to the store, retrieving it during the incident, shooting the victim,

- 10 -

and continuing to fire as the victim was fleeing all indicate a "deliberate mind and formed design" rather than "impulse without conscious reflection." See Graham, 31 Va. App. at 672, 525 S.E.2d at 571 (finding "the evidence insufficient as a matter of law to justify a heat of passion instruction" where the defendant testified that he "consciously abandoned his escape, armed himself, and started shooting," and thus "acted upon reflection and deliberation" rather than "on sudden provocation or from passion"). Thus, Williams failed to provide more than a scintilla of evidence that his acts were the result of heat of passion rather than malice.

Nevertheless, Williams stresses that his testimony that he did not intend *to shoot* the victim showed evidence of lack of malice.[3] We disagree. Williams's testimony that he intended "to scare [the victim and his friends] out of the situation" and that he "pointed [the gun] towards the ground," does nothing to negate the element of malice. Based on Williams's testimony, his deliberate aiming of the gun with the purpose of scaring the victim reveals that the act of shooting was done "with a sedate, deliberate mind, and formed design," rather than "on impulse without conscious reflection."

Finally, Williams contends that this Court's decision in Miller v. Commonwealth, 5 Va. App. 22, 359 S.E.2d 841 (1987), controls this case. The two cases, however, are easily distinguishable. In Miller, this Court reversed the trial court's denial of a jury instruction for unlawful wounding because the defendant produced evidence at trial upon which the jury could find heat of passion. Id. at 26, 359 S.E.2d at 843. There was evidence that the fight was provoked by the victim, who thought the defendant had cheated the victim in a drug deal. Id.

---

[3] Intent and malice are two separate elements of the offense. Both malicious wounding and unlawful wounding require "the intent to maim, disfigure, disable, or kill." Code § 18.2-51. Wounding without intent constitutes the lesser-included offense of assault and battery. Vaughn, 263 Va. at 35, 557 S.E.2d at 222. Because Williams did not request an assault and battery jury instruction, Williams's intent is not before us and is relevant on appeal only to the extent that it sheds light on the element of malice.

Witnesses testified that before the shooting, the defendant was visibly upset and shouting for someone to give him a gun. Id. There was evidence that "[a]fter he obtained the gun several people tried unsuccessfully to restrain him." Id. From this evidence, we found there was sufficient evidence tending to support the lesser-included offense, and the trial court therefore erred in refusing to give the jury instruction. Id.

In contrast to the reversal in Miller, the Supreme Court affirmed the trial court's denial of a jury instruction for a lesser-included offense in Harris v. Commonwealth, 134 Va. 688, 694, 114 S.E. 597, 600 (1922), because the "shooting [was] unlawful and without reasonable provocation, and the evidence fail[ed] to disclose any circumstances of palliation, [thus] the jury were compelled to find, as a matter of fact, that it was done with malice." In Harris, the "accused's own statement of how the shooting occurred fail[ed] to disclose that [the victim] did any act which could be construed to constitute a reasonable provocation for the shooting." Id. The accused had a loaded gun with him. Id. Based on the evidence, the only "provocation" by the victim was his statement that the accused should not use profanity to a child. Id. at 692, 114 S.E. at 599. The Supreme Court concluded that where "the court can see from the entire record that the jury could not properly have returned a different verdict," it was unnecessary to address the trial court's granting and refusing of jury instructions. Id. at 694, 114 S.E. at 600.

Here, as in Harris, Williams's own testimony establishes that he shot the victim without reasonable provocation. As in Harris, and unlike Miller, Williams conceded that neither the victim nor the victim's friends did anything to provoke a reaction from Williams. Williams conceded that all the victim did was stand upright "like he was ready to defend hi[m]self." As in Harris, and unlike Miller, Williams purposely had a loaded gun with him. In Miller, testimony that Miller was yelling and needed restraint indicated he was acting "upon impulse without conscious reflection" and was rendered "deaf to the voice of reason." See Graham, 31 Va. App.

- 12 -

at 671, 525 S.E.2d at 571. In contrast, Williams provided no evidence that at the time of the shooting there was any *external* manifestation that Williams was upset or under the sway of passion. As in Harris, the evidence failed to disclose any circumstance at the time of the shooting that suggested a mitigation of Williams's deliberate and purposeful actions. Based on the evidence, the trial court correctly concluded that the jury was compelled to find as a matter of fact that Williams acted with malice.

Thus, the evidence was sufficient to support a finding of malice, and Williams failed to provide independent, affirmative evidence of heat of passion. Therefore, instructions on the lesser-included offense of unlawful wounding were not required, and the court did not abuse its discretion in refusing them.

### III. CONCLUSION

Because Williams did not produce more than a scintilla of evidence to negate the element of malice, it was within the court's discretion to deny the jury instructions on unlawful wounding. Therefore, we affirm Williams's conviction.

<u>Affirmed.</u>

- 13 -