COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Causey and Senior Judge Clements
Argued at Richmond, Virginia


JAMES HOWARD AVENT

MEMORANDUM OPINION*

v.      Record No. 0988-21-2          PER CURIAM
                                       AUGUST 23, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard S. Wallerstein, Jr., Judge

John W. Parsons for appellant.

Robin M. Nagel, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a bench trial, the Circuit Court of Henrico County convicted appellant of

malicious wounding and use of a firearm during the commission of a felony and sentenced him to

thirteen years' incarceration, with seven years and three months suspended. On appeal, appellant

challenges the sufficiency of the evidence to support his convictions. For the following reasons, we

affirm the trial court's judgment.

BACKGROUND

"On appeal, this Court 'consider[s] the evidence and all reasonable inferences flowing from

that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

*Pooler v. Commonwealth*, 71 Va. App. 214, 218 (2019) (quoting *Williams v. Commonwealth*, 49

Va. App. 439, 442 (2007)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On November 2, 2020, Teondra Taylor was at a bowling alley when appellant, her ex-boyfriend, accused her over the phone of "being with a guy." Taylor denied the accusation and sent appellant pictures of her companions. Taylor then briefly returned to her apartment, where appellant was, before going to her friend's house.[1] Appellant sent Taylor a text message stating that there was "a guy over [at her friend's house]." Taylor sent appellant another picture to prove she was "with nobody" before returning to her apartment.

While she was in her bedroom watching television, Taylor overheard appellant in the living room say he "should burn [her] house down" and "shoot [her]." Taylor knew that appellant owned at least two guns. Appellant then entered Taylor's bedroom and asked her how bowling was and if she had fun. Taylor responded that "[i]t was fun" and that "[she] didn't have time for his foolishness." Taylor asked appellant to leave her apartment and called 911 after appellant refused.

Appellant returned to the living room while Taylor was on the phone with police dispatch. From there, appellant told Taylor to tell dispatch "the truth" and that he was "packing his stuff." Once Taylor ended her call, appellant "immediately" returned to the bedroom, accused Taylor of lying, and hit her in the face with his fist.[2] Appellant then stood over Taylor and continued to hit her. While being hit, Taylor grabbed her own gun from the top drawer of a plastic bin near the head of her bed. Taylor's gun fired "right after [she] got [her] gun out the bin," but the bullet did not hit appellant. Then, she proceeded to strike appellant twice in the head with her gun.[3] Appellant's own gun subsequently fell to the ground. Appellant picked his gun up with his right hand and struck

---

[1] Although Taylor and appellant stopped dating in 2019, appellant continued to come to Taylor's home "every day."

[2] Taylor had security cameras in her living room and bedroom; the Commonwealth introduced into evidence video footage of the incident. Taylor's living room camera recorded appellant approaching her bedroom with a gun in his right hand, but the gun does not appear to be in his right hand when he first hits her.

[3] Taylor denied that she fired her gun but admitted that it was her gun that fired.

Taylor with the gun approximately twelve times. Taylor knew that appellant was hitting her with a gun because it felt "[h]ard" and "metal-like." Appellant stopped hitting Taylor and left the bedroom after Taylor screamed for help from one of her children. As a result of the altercation, which was recorded by Taylor's bedroom camera, Taylor bled from and had contusions on her face. An ambulance transported Taylor to the hospital.

Appellant was charged with malicious wounding and use of a firearm during the commission of a felony. At the conclusion of the Commonwealth's case, appellant moved to strike the malicious wounding charge on the basis that the evidence failed to show he acted with malice. Appellant further argued that the charge of use a firearm during the commission of a felony could not survive without the malicious wounding charge. The trial court denied appellant's motion to strike noting that appellant had stated that he "should shoot [Taylor]" and that appellant walked into Taylor's bedroom with his gun.

Appellant testified that he received "[t]wo concussions" because Taylor hit him in the head. He further testified that, after Taylor hit him, she aimed "her gun directly at [him] to shoot [him at] point blank range." Appellant explained that he "threw numerous punches" at Taylor because he was in "fear of [his] life." He then grabbed Taylor's gun off the ground and walked out of the bedroom. Finally, appellant maintained that he did not hit Taylor with a gun. Appellant varied his testimony as he reviewed the video recording of the altercation.

In closing, appellant argued that he had acted in self-defense and, alternatively, that his actions were committed in the heat of passion. In support of his argument, appellant claimed that he was left "bereft of his senses" after Taylor struck him in the head and shot her gun; therefore, he asserted that he did not act with malice. The trial court disagreed and convicted appellant of malicious wounding and use of a firearm in the commission of the felony of malicious wounding.

The trial court sentenced appellant to a total of thirteen years' incarceration, with seven years and three months suspended. This appeal followed.

## ANALYSIS

Appellant contends that the trial court erred by finding that he acted with malice in striking Taylor. Appellant also challenges his conviction for use of a firearm in the commission of a felony because he argues, for the first time on appeal, that "the evidence was insufficient to prove that he used a firearm to strike [Taylor] or that he committed an act of malicious wounding." For the reasons stated below, we affirm the judgment of the trial court.

### A. Malicious Wounding

Appellant argues that there was insufficient evidence for the trial court to find that he acted with malice in striking Taylor. "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

- 4 -

"Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed a purposeful and cruel act without any or without great provocation." *Williams v. Commonwealth*, 64 Va. App. 240, 248 (2015) (quoting *Robertson v. Commonwealth*, 31 Va. App. 814, 823 (2000)). "Deliberate and purposeful acts may nonetheless be done without malice if they are done in the heat of passion." *Id.* at 249. "Heat of passion excludes malice when provocation reasonably produces fear that causes one to act on impulse without conscious reflection." *Id.* (quoting *Graham v. Commonwealth*, 31 Va. App. 662, 671 (2000)). Furthermore, "[i]n order to be 'in the heat of passion,' the evidence must show both 'reasonable provocation' and 'passion' occurring simultaneously." *Jones v. Commonwealth*, 71 Va. App. 70, 96 (2019) (quoting *Canipe v. Commonwealth*, 25 Va. App. 629, 643 (1997)).

Appellant concedes that Taylor drew her gun in defense of herself but argues that her actions "elevated the degree of danger" and provoked him to continue hitting her. The record, however, reflects that appellant said he "should burn [Taylor's] house down" and "shoot [her]" before he approached her bedroom with a gun in his hand. Appellant refused to leave Taylor's apartment when asked to do so and struck her immediately after she ended her call with police dispatch. Appellant then stood over Taylor and continued to hit her. After Taylor's gun fired, appellant struck Taylor with his gun twelve times.

Notwithstanding his initial aggression, appellant emphasizes that Taylor pointed her gun at him, the gun fired, and she struck him twice resulting in a "concussion or concussion-like symptoms." Appellant claims that he struck Taylor out of "anger and/or fear" after she struck him. The trial court had the opportunity to see and hear the witnesses and to evaluate their versions of what transpired. The trial court found that the Commonwealth's witnesses were more credible than appellant. *See Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019) ("The credibility of the witnesses and the weight accorded to the evidence are matters solely for

the fact finder who has the opportunity to see and hear that evidence as it is presented.").  The trial court was "entitled to disbelieve the self-serving testimony of" appellant, who changed his testimony multiple times when confronted with video recordings of the altercation.  *See Johnson v. Commonwealth*, 73 Va. App. 393, 399 (2021) (the fact finder is "entitled to disbelieve the self-serving testimony of the accused").  Under these circumstances, the trial court was not plainly wrong in finding that appellant acted with malice in striking her with his gun and disregarding appellant's claim that he had been provoked.  *See Rams v. Commonwealth*, 70 Va. App. 12, 28 (2019) (holding that in convicting the appellant, the fact finder "has found by a process of elimination that the evidence does not contain a reasonable theory of innocence" (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004))).

### B. Use of a Firearm

Appellant argues "no reasonable trier of fact could have found that the evidence was sufficient to prove that [appellant] used a gun to strike [Taylor] in the face," however, appellant does not explain how the record affirmatively establishes that he did not do so.  To the contrary, appellant concedes that "[t]here was a factual dispute as to whether or not [appellant] used a firearm to strike [Taylor]."  As noted above, the trial court accepted the Commonwealth's witnesses as credible and found appellant's testimony was not credible.  Taylor testified that appellant had used a gun to strike her, and appellant even admitted that he picked his gun up from the floor before continuing to strike Taylor.  The video recording from the bedroom further showed a gun in appellant's hand as he struck Taylor.  Accordingly, we find the evidence

sufficient to support appellant's conviction for use of a firearm during the commission of a felony.[4]

CONCLUSION

The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of malicious wounding and use of a firearm in the commission of a felony. For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[4] Based on our ruling that the trial court did not err in convicting appellant of malicious wounding, as opposed to unlawful wounding, we will not consider appellant's argument that the trial court erred in convicting him of use of a firearm in the commission of a felony, namely malicious wounding.